UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

PETER R. KIWITT,
               Defendant.

DECISION AND ORDER

20-CR-6097-CJS-MJP-1
23-CV-6134- CJS

---

## INTRODUCTION

Now before the Court is a motion (ECF No. 88) by the United States ("the Government") to dismiss a motion (ECF No. 86) by Peter Kiwitt ("Kiwitt" or "Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government's motion to dismiss is granted in part, and Defendant is granted leave to refile, as more particularly set forth below.

## BACKGROUND

The reader is presumed to be familiar with the history of this action. Briefly, the following procedural history is taken from the section of the Government's Motion to Dismiss:

> On January 29, 2021, a federal grand jury for the Western District of New York returned a six-count Superseding Indictment that allege[d] the following violations: one count of Sex Trafficking of a Minor in violation of Title 18 U.S.C. §§ 1591(a) and 1591(b)(2); two counts of Sex Trafficking by Coercion in violation of Title 18 U.S.C. §§ 1591(a) and 1591(b)(1); one

1

count of Sexual Enticement of a Minor in violation of Title 18 U.S.C. § 2422(b); one count of Possession of Child Pornography in violation in of Title 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and one count of Enhanced Penalty for Registered Sex Offenders in violation of Title 18 U.S.C. § 2260A. On August 21, 2021, the defendant entered a plea of guilty to a violation of Title 18, United States Code, Sections 1591(a), 1591(b)(1) (Sex Trafficking by Force). Based upon his plea, the defendant faced a mandatory minimum sentence of 15 years. A sentencing proceeding commenced on February 7, 2022, before this Court, where the petitioner was sentenced to a term of 180 months imprisonment. [In the Plea Agreement, Defendant waived his right to appeal or collaterally attack his sentence. ECF No. 68 at p. 8.] Kiwitt did not file a Notice of Appeal.

[However, on February 24, 2023, Defendant] filed [the subject] Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law, arguing lack of jurisdiction.

Govt. Motion to Dismiss, ECF No. 88 at pp. 1-2.

Defendant's Section 2255 motion consists of 302 pages. The main body of the motion consists of a six-page form motion (AO 243) and a 23-page addendum entitled "Exhibit 1," which, together, reference nine (9) separate grounds, described as follows: 1) "Lack of jurisdiction due to shocking governmental conduct"; 2) "Lack of jurisdiction due to a reliance on federal offenses that have insufficient evidence, nexus, or are unconstitutional"; 3) "Lack of jurisdiction due to the unconstitutional transfer of authority from local to federal officials"; 4) "Lack of Jurisdiction due to irrevocably tainted prosecutorial discretion"; 5) "Lack of jurisdiction due to an insufficient rational basis for intrastate jurisdiction over prostitution"; 6) "Lack of jurisdiction due to insufficient constitutional authority" 7) "Lack of jurisdiction due to insufficient constitutional authority based on the defined power of the Commerce Clause and the Tenth Amendment"; 8) "Lack of Jurisdiction due to insufficient constitutional authority based on the exclusive nature of the commerce power and the Tenth Amendment"; and 9) "Ineffective assistance

of counsel ("IAC") due to counsel's failure to investigate and fully inform Movant so he could make an intelligent choice regarding the initial plea offer."

The overall gist of Defendant's motion is that he is guilty, but only of more minor state crimes, not of the federal crime to which he pleaded guilty. He maintains that he should have been prosecuted, if at all, in state court, and that his prosecution in federal court was in the absence of federal jurisdiction and violated his federal constitutional rights

"Exhibit 1," while purporting to be an addendum to the form motion's section for stating "grounds," consists of a combination of factual assertions and legal argument, including citations to statutes and caselaw, and essentially reads much like a 23-page memorandum of law.

Exhibits 2 through 12, meanwhile, which together comprise 173 additional pages, are each, essentially, separate memorandums of law in support of each of the various grounds and/or aspects of Defendant's arguments. Defendant indicates that he structured his submission in this peculiar manner, since his arguments "are too varied and complex for a single memorandum." ECF No. 86-2 at p. 1.

In particular, "Exhibit 2" to the motion is a 24-page memorandum of law devoted to Defendant's Ground One, alleging a lack of jurisdiction based on "shocking governmental conduct." "Exhibit 3" is a 13-page memorandum of law devoted to Ground Two. "Exhibit 4" is an 18-page memorandum of law devoted to Ground Three. "Exhibit 5" is a 12-page memorandum of law devoted to Ground Four. "Exhibit 6" is an 8-page memorandum of law devoted to Ground Five. "Exhibit 7" is a 15-page memorandum of law devoted to Ground 6. "Exhibit 8" is a 17-page memorandum of law devoted to Ground

Seven. "Exhibit 9" is a 15-page memorandum of law devoted to Ground Eight. "Exhibit 10" is 4-page memorandum of law devoted to Ground Nine. "Exhibit 11" is described as "state timeline," but is the equivalent of a 20-page factual section of a memorandum of law. "Exhibit 12" is described as a "federal timeline," but is the equivalent of a 27-page factual section of a memorandum of law.

In all, Exhibits 1 through 12 contain approximately 200 pages of legal argument. The remaining sixteen exhibits to the motion, Exhibits 13 through 28, comprising 99 pages in total, are copies of documents related to the underlying criminal action.

In response to Defendant's Section 2255 motion, the Government filed the subject Motion to Dismiss (ECF No. 88), on the grounds that Defendant's motion violates the Local Rules of Civil Procedure, and, in particular, Rule 7(a)(2)(C), which puts a 25-page limit on memorandums of law. The Government further indicates that there would have been no proper basis for extending that page limit, even if Defendant had requested such an extension, since his legal issues are not complex or unique. The Government asks for the Court to strike the motion and require Defendant to re-file a motion that complies with the Local Rules, and for the Court to dismiss the motion with prejudice if Defendant submits "further voluminous filings in violation of this Court's order." ECF No. 88 at p. 3.

The Court issued a Scheduling Order (ECF No. 89), directing Defendant to "file and serve his response to [the Government's] motion no later than May 12, 2023.

Defendant filed a timely response to the Government's motion, ECF No. 91, in which he begins by stating:

> [L]et us be clear about what has been filed. Petitioner's "Memorandum Brief" is 302 pages in total. But that is deceptive. The filing is composed of roughly 25 added motion pages (serving as a summary of arguments), 125 pages of legal arguments, 50 pages of factual basis, and 100 pages of

previously authored documents not on the docket.

ECF No. 91 at p. 1. Defendant disputes the Government's contention that his arguments are neither complex or unique, and insists that it would be impossible for him to submit a shorter motion or memorandum, stating, "My arguments are my arguments." ECF No. 91 at p. 2.

Approximately five months thereafter, Defendant filed a document entitled "28 USC § 2255 Supplemental Motion," ECF No. 95, consisting primarily of 7 pages of discussion. More specifically, the submission begins with Defendant wondering whether "the Court's delay in ruling on pending motions" might be due to "the size of [his] motion," and then suggests how the Court should analyze his arguments in the most efficient way. ECF No. 95 at p. 1. The document then moves into a legal discussion, which is essentially seven (7) pages of "additional argument," meaning, argument in addition to that contained in the Section 2255 motion.

Defendant next filed a document entitled, "28 USC § 2255 Second Supplemental Motion," ECF No. 99, consisting primarily of two additional pages of legal discussion which, in part, references "the need for a waiver of Local Rule 7(a)(2)(C)."

Finally, on March 17, 2025, Defendant filed a document entitled "Omnibus Motion Revisions," ECF No. 101, purporting to withdraw certain documents and making several additional pages of legal argument.

ANALYSIS

Section 2255 Principles

Kiwitt's motion is brought pursuant to 28 U.S.C. § 2255, which provides, in relevant part, as follows:

5

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

Defendant's *Pro Se* Status and the Local Rules

Since Kiwitt is proceeding *pro se*, the Court must construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). At the same time,

> [a]ny litigant in federal court, including *pro se* litigants, must abide by court rules and procedures, [and] "[a]lthough *pro se* litigants should be afforded latitude, they 'generally are required to inform themselves regarding procedural rules and to comply with them,'" especially in civil litigation. *LoSacco v. City of Middletown*, 71 F. 3d 88, 92 (2d Cir. 1995) (internal citations and quotations omitted).

*Ezeh v. McDonald*, No. 13-CV-6563, 2017 WL 4217170, at *2 (W.D.N.Y. Sept. 20, 2017).

The Local Rules of Civil Procedure for this District, Rule 5.2(b), directs that Section 2255 motions are to be filed using the form provided by the Court, Form AO 243. The instructions to that form state, in pertinent part:

> Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. *If you want to submit*

6

> *any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.*

(emphasis added). The form further states, in the section supplied for setting forth grounds, the following instructions:

> State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

ECF No. 86 at p. 3 (emphasis in original). Additionally, the motion form expressly instructs that, when stating "grounds," movants are not to include "cases or law." *See*, ECF No. 86 at pp. 4-5 ("Supporting FACTS (state briefly without citing cases or law)." (emphasis in original).[1]

Section 2255 motions are subject to the Local Rules of Civil Procedure for this District, which provide that a legal memorandum supporting a motion may not exceed twenty-five pages:

> *Memoranda in support of or in opposition to any motion shall not exceed twenty-five (25) pages in length*, and reply memoranda shall not exceed ten (10) pages in length. Tables of contents and tables of authorities are not included in the page limitations. A party seeking to exceed the page limit must make application by letter to the Judge hearing the motion, with copies to all counsel, at least seven (7) days before the date on which the memorandum must be filed.

Local Rule 7(a)(2)(C) (emphasis added). Such page limits serve important functions. *See, e.g., GS Holistic, LLC v. Mkt. 49 Smoke Shop Inc.*, No. 23-CV-21287-MD, 2024 WL 4881037, at *1 (S.D. Fla. Sept. 13, 2024) ("Page limits are intended to focus the parties'

---

[1] ) Indeed, Defendant specifically notes, in his motion, that the instructions say not to include citations when setting forth grounds. See, ECF No. 86-1 at p. E1-8, line 5.

7

attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources.") (citations and internal quotation marks omitted).

Motions that do not comply with a court's local rule page limits may be stricken. *See, e.g., Wlasiuk v. Noeth*, No. 9:17-CV-0972 (MAD/DEP), 2017 WL 11913991, at *1 (N.D.N.Y. Sept. 29, 2017) ("[P]etitioner's memorandum of law is stricken and will not be considered by the Court because it exceeds, without prior permission from the Court, the twenty-five page limit for memoranda of law filed in habeas corpus proceedings pursuant to Local Rule 72.4(a) of the Court's Local Rules of Practice.").

In the instant case, it is clear, first, that Defendant's submissions violate both the instructions for AO 243 and Local Rule of Civil Procedure 7(a)(2)(C). To review, the Section 2255 motion essentially consists of the following: 1) a 6-page motion; 2) a 23-page purported addendum to the motion that is essentially a memorandum of law; 3) an additional 173-page memorandum of law broken up into eleven sections; and 4) 99 pages of exhibits. Consequently, Defendant's "memorandum of law," consisting of Exhibits 1 through 12, essentially exceeds the Local Rule's limit by approximately 175 pages. This problem is compounded by Defendant's later submissions, ECF Nos. 95 and 99, which add an additional 9 pages of legal argument into the mix. It is also clear that Defendant never asked the Court's permission before filing the non-complying motion.

Defendant contends that such a lengthy submission is warranted, due to the complexity of his claims. However, the Court disagrees. Rather, as another court has aptly observed, "[t]he Local Rules were drafted with knowledge that many—if not most—federal habeas cases involve complex legal questions. Longer page limits merely invite repetitive arguments, verbosity, string citation, unwarranted footnotes, and excessive

block quotation, which waste judicial resources." *Garcia v. Gittere*, No. 2:17-CV-03095-JCM-CWH, 2024 WL 4624848, at *5 (D. Nev. Oct. 30, 2024).

Having determined that Defendant's submissions violate Local Rule 7(a)(2)(C) in this manner, the Court must decide how to address the situation, such as by excusing Defendant's clear disregard for the rules, striking the entire motion, or fashioning a remedy somewhere between those two extremes. Having fully considered the matter, the Court finds, first, that it is appropriate to completely strike Exhibits 2 through 12 to ECF No. 86, as well as ECF Nos. 95 and 99, with leave for Defendant to submit a single, new memorandum of law that will not exceed thirty-five (30) pages in length total, including any statement of facts and legal argument.

In this regard, the Court is aware of the need to be flexible in setting page limits, so as not to arbitrarily prevent a party from adequately elaborating his position.[2] However, there is nothing arbitrary about the Court's Local Rule on page limits, and, in any event, the Court is allowing Defendant to exceed that limit by five pages. The Court flatly rejects Defendant's assertion that his arguments cannot be edited down. They can and will be edited down, or else they will not be considered.

The Court finds it a more difficult question what to do with Exhibit 1, since, on one hand, it is clear that a defendant can submit additional pages to supplement the form motion, while on the other hand, it is also clear that a defendant's statement of "grounds" is not supposed to contain legal argument, which Exhibit 1 does to a large degree. This

---

[2] *See, Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 122 (2d Cir.), as amended (Nov. 12, 2014) ("[W]here it appears that limits on pages are arbitrarily preventing adequate elaboration of a party's position, some flexibility must be shown by district courts."),, *certified question accepted sub nom. Commonwealth of Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co. Inc.*, 24 N.Y.3d 1028, 22 N.E.3d 187 (2014), and *certified question answered sub nom. Commonwealth of Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 25 N.Y.3d 543, 35 N.E.3d 481 (2015).

is particularly true of Exhibit 1's discussions of Grounds Three through Eight, which consist almost entirely of legal argument. Rather than attempting to sort out the improper legal argument, the Court will strike Exhibit 1 in its entirety, with leave for Defendant to submit a new addendum to his form motion. This addendum, the purpose of which, again, is to provide a space for Defendant to continue setting forth "grounds" that would not fit on the form motion, and *not* to make legal argument, shall not exceed ten (10) pages in total, which should be sufficient for Defendant to clearly *summarize* each ground he is asserting and the facts upon which it is based.

With regard to the page limits the Court has set, Defendant is reminded that under the local rules, submissions must be double spaced, in at least 12-point type, with one-inch margins on all sides. *See*, Local Rule of Civil Procedure 10, "Form of Papers."

## CONCLUSION

The Government's motion (ECF No. 88) to dismiss Defendant's Section 2255 motion is granted in part, as set forth above. Exhibits 1 through 12 to the motion are stricken, with leave for Defendant to re-file a new motion addendum and a new memorandum of law. The addendum shall not exceed ten (10) pages, and the memorandum of law shall not exceed thirty-five (35) pages. **Defendant shall file the new submissions within ninety (90) days of the date of this Decision and Order**. Any submission by Defendant that does not comply with the Court's instructions herein will not be considered. Defendant's "Omnibus Motion Revisions" (ECF No. 101) is denied as moot. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to

the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    So Ordered.

Dated: Rochester, New York
      August 25, 2025

                              ENTER:

                              _____
                              CHARLES J. SIRAGUSA
                              United States District Judge